Julie R. Trotter, Bar No. 209675
L. Lisa Sandoval, Bar No. 310380
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100
jtrotter@calljensen.com
lsandoval@calljensen.com

Attorneys for Defendant Western Refining Retail, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HOWE on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WESTERN REFINING RETAIL, LLC, a Delaware limited liability company and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. '21CV2030 L     JLB<br><br>**DEFENDANT WESTERN REFINING RETAIL, LLC'S NOTICE OF REMOVAL**<br><br><br>Complaint Filed: October 12, 2021<br>Trial Date: None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Western Refining Retail, LLC ("Western" or "Defendant") hereby gives notice of removal of the above-captioned action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California, asserting original jurisdiction under 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453.

## BACKGROUND

1. On October 12, 2021, Plaintiff James Howe ("Plaintiff") filed a Class Action Complaint ("Complaint") against Western in the Superior Court of the State of California for the County of San Diego, entitled *JAMES HOWE, on behalf of himself, and all others similarly situated, Plaintiffs, vs. WESTERN REFINING RETAIL, LLC, a Delaware limited liability company; and DOES 1 through 50; inclusive, Defendants*, Case No. 37-2021-00043153-CU-OE-CTL.

2. On the same day, October 12, 2021, the San Diego County Superior Court issued a Notice of Case Assignment and Case Management Conference (Civil) ("Notice of Case Assignment")**.**

3. On November 9, 2021, Plaintiffs served on Western a copy of the Summons and Complaint. True and correct copies of the Summons, Complaint, Civil Case Cover Sheet, and Notice of Case Assignment received by Western are attached hereto as **Exhibits A, B, C,** and **D.**

4. On December 1, 2021, Western filed and served Defendant Western Refining Retail, LLC's Answer to Complaint and Demand for Jury Trial, which is attached hereto as **Exhibit E.** Exhibits A through E together constitute all pleadings, process, and orders served and filed in this action in state court.

5. The Complaint alleges causes of action for: (1) failure to pay all wages earned, including overtime and minimum wages under California Labor Code §§ 510 and 1194; (2) failure to provide meal periods under California Labor Code §§ 226.7, 512 and IWC Wage Orders; (3) failure to provide rest periods under California Labor Code §§ 226.7 and IWC Wage Orders; (4) failure to pay timely wages under California Labor Code § 204; (5) waiting time penalties under California Labor Code §§ 201-203; (6) failure to comply with itemized employee wage statement provisions under California Labor Code § 226; and (7) unfair competition under California Business and Professions Code §§ 17200-17208.

6. Plaintiffs seek that the action be maintained as a class action, as well as compensatory damages, economic and/or special damages, premium wages, premium pay and penalties, attorney's fees and costs, and interest, among other relief. *See* Ex. A., Compl., Prayer at 16.

7. Defendant denies Plaintiff or the proposed classes are entitled to any relief by the Complaint or that the action may be maintained as a class action, but treats Plaintiffs' allegations as true for purposes of this Notice of Removal.[1]

## TIMELINESS OF REMOVAL

8. Pursuant to California Code of Civil Procedure § 416.10(a), Western was served on November 9, 2021, when its registered agent for service of process received the Summons and Complaint by hand delivery. This Notice of Removal is timely because it is filed less than one year after the commencement of the action and within

---

[1] This case is related to (i) *Caballero v. Western Refining Retail, LLC*, No. 8:21-cv-00018-VAP-SK (C.D. Cal.); and (ii) *Ramirez v. Western Refining Retail, LLC*, No. 21STCV40090 (Los Angeles). Western likewise removed the *Caballero* action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California along similar grounds under CAFA. Subsequently, the Court in *Caballero* consolidated that case with *Dilworth, et al. v. Western Refining Retail*, Case No. 8:21-cv-00018-VAP-SK, which made similar PAGA claims against Western. In *Ramirez*, Western also intends to file a Notice of Removal to the Central District of California.

30 days of service of a copy of the Complaint on Western. *See* 28 U.S.C. § 1446(b)-(c); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999); *Hamilton San Diego Apartments v. RBC Capital Markets Corp.*, No. 3:12-CV-2259-JM (BLM), 2012 WL 12863116, at *1 (S.D. Cal. Dec. 4, 2012) ("A defendant corporation is considered to have received a copy of the initial pleading when its authorized agent accepts service of process.").

## CLASS ACTION FAIRNESS ACT ("CAFA") REMOVAL

9. As shown below, this Court has original jurisdiction over this action under CAFA because the proposed class greatly exceeds 100 members, at least one Plaintiff or class member and Western are citizens of different states, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). In addition, this Court has diversity jurisdiction because the amount in controversy as alleged in the Complaint exceeds $75,000, and there is complete diversity among the parties. *See id.* § 1332(a).

### I.  THE PROPOSED CLASS GREATLY EXCEEDS 100 MEMBERS

10. Plaintiffs' proposed class is defined as: "All persons who are employed or have been employed by Defendants in the state of California and who are/were not classified as "Exempt" within four (4) years prior to the date this lawsuit was filed ('liability period') until resolution of this lawsuit." Ex. A, Compl. ¶ 23.

11. Western estimates that there are approximately 7,410 individuals in Plaintiffs' proposed class from October 12, 2017 (four years prior to the date the Complaint was filed) to October 20, 2021 (the data cutoff date for purposes of Western's declaration in support of this Notice of Removal). *See* Declaration of Kimberly Duncan ("Duncan Decl.") ¶ 7.

12. Therefore, the number of putative class members exceeds 100, as required by 28 U.S.C. § 1332(d)(5)(B).

## II. PLAINTIFFS AND WESTERN ARE CITIZENS OF DIFFERENT STATES.

### i. Plaintiff James Howe Is a Citizen of California.

13. To establish citizenship for diversity purposes, a person is a citizen of the state in which he or she is domiciled. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019).

14. Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("[T]he place of residence is *prima facie* the domicile."); *Aldridge v. U.S. Bank, Nat'l Ass'n.*, 2018 WL 2146507, at *2 (C.D. Cal. May 9, 2018) (same); *Saldana v. Home Depot USA, Inc.*, 2016 WL 3391808, at *2 (E.D. Cal. June 20, 2016) (same); *Socoloff v. LRN Corp.*, 2013 WL 4479010, at *3 (C.D. Cal. Aug. 19, 2013) (same).

15. In connection with his employment, on or about December 20, 2019, James Howe executed and provided to Western the U.S. Citizenship and Immigration Services, Employment Eligibility Verification Forms (USCIS Form I-9) stating he is a United States citizen. Duncan Decl. ¶ 4.

16. James Howe also provided Western with his home address in California to Western in his onboarding documents dated December 9, 2019 and during the course of his employment with Western on various personnel documents. *Id.* Western's records show his home address at that time and throughout his employment was in Elcajon, California. *Id.* In addition, James Howe alleges in the Complaint that he is, "a resident of California." Ex. A, Compl. ¶ 6.

17. Therefore, at the time this action commenced, James Howe was, and still is, a citizen of California.

### ii. Western Is a Citizen of Delaware and Ohio under CAFA.

18. On the other hand, Western is not a citizen of California. Western is, and was at the time this action commenced, a limited liability company formed under the

laws of Delaware with its headquarters and principal place of business in Ohio. Duncan Decl. ¶ 5.

19. Limited liability companies are unincorporated associations for diversity purposes under 28 U.S.C. § 1332. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

20. Thus, to determine jurisdiction under CAFA, limited liability companies such as Western are treated the same as corporations in determining their principal place of business. *See, e.g., Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (CAFA "departs from the rule that … that a limited partnership's or unincorporated association's citizenship can be determined only by reference to all of the entity's members"). To determine its principal place of business for diversity purposes, the appropriate test is the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Under the "nerve center" test, the principal place of business is the state where the "corporation's officers direct, control, and coordinate the corporation's activities" and where its headquarters are located. *Id.*

21. Western's principal place of business is in Ohio. Duncan Decl. ¶ 5. Ohio is where its headquarters are located and where most of its officers work, and has been since October 2018. *Id.* Its officers coordinate company activities and provide final decision-making and oversight of key administrative and executive functions, such as legal, accounting, finance, tax, business development, environmental, health and safety, and technology from Ohio. Western's officers also exercise final control and oversight over the company's business planning and strategies from its Ohio headquarters. *Id.*

22. Therefore, Western is, and was at the time this action commenced, a citizen of Delaware and Ohio.

### iii.   The Citizenship of Doe Defendants Is of No Import.

23.  Pursuant to 28 U.S.C. § 1441(b)(1), the residence of fictitious and unknown defendants is disregarded for purposes of establishing removal jurisdiction under 18 U.S.C. § 1332. *See Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980). Thus, the existence of Doe defendants 1 through 50, inclusive, does not deprive this Court of jurisdiction.

24.  Accordingly, CAFA diversity is satisfied because at least one plaintiff is diverse from at least one defendant. 28 U.S.C. § 1332(d)(2).

## III.  THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000.

25.  While Western denies any liability as to Plaintiffs' claims, the amount in controversy as alleged in the Complaint exceeds $5,000,000, exclusive of interest and costs. All calculations supporting the amount in controversy herein are based on the Complaint's allegations (along with other documents as identified herein), assuming, without any admission, the truth of the allegations, and assuming liability (which Western disputes) is established. Likewise, these calculations are based on the putative class alleged in the Complaint, and in no way indicate that class treatment is appropriate in this case, that Plaintiffs have standing to represent such class, or that the proposed class would meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

26.  To determine whether the amount in controversy exceeds $5,000,000, the claims of the individual class members are aggregated. 28 U.S.C. § 1332(d)(6). The amount in controversy requirement is met "if the value of the matter in litigation exceeds $5,000,000, either from the viewpoint of the plaintiff or the viewpoint of the defendant and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. REP. 109-14, at 49. Moreover, the Senate Judiciary Committee Report on the final version of CAFA makes

clear that any doubts regarding the maintenance of interstate class actions should be resolved in favor of federal jurisdiction: "[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case. . . . Overall, new section 1332(d) is intended to expand substantially federal jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class action should be heard in federal court if properly removed by any defendant." *Id.*; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

27. The Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89.

28. "[I]n assessing the amount in controversy, a removing defendant is permitted to rely on a chain of reasoning that includes assumptions." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (internal quotations omitted). Such assumptions need only be "plausible" and "reasonable in light of the allegations in the complaint." *Id.* at 927. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Id.* (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)). It thus "reflects the *maximum* recovery the plaintiff could reasonably recover." *Id.* (emphasis in original). "An assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be 'less than the requisite … amount[.]'" *Id.* A removing defendant need only "show[] potential recovery *could* exceed" the jurisdictional amount to satisfy its burden for removal. *Id.* (emphasis in original; internal quotations omitted). The "strength of any defenses" "is irrelevant to determining the amount that is at stake in the litigation." *Id.*

at 928. "The court must accept as true plaintiff's allegations as [pleaded] in the Complaint and assume that plaintiff will prove liability and recover the damages alleged." *Muniz v. Pilot Travel Ctrs.*, No. CIV S-07-0325 FCD EFB, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007) (denying motion to remand wage and hour putative class action).

29. "The amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'" *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). Penalties also are properly included in the amount in controversy. *See Adkins v. J.B. Hunt Transport, Inc.*, 293 F. Supp. 3d 1140, 1146 (E.D. Cal. Mar. 2018) (including waiting time and wage statement penalties under California Labor Code §§ 203 and 226(e) in amount in controversy).

30. Based on the foregoing, the below analysis shows the amount in controversy in this action exceeds $5,000,000 in the aggregate. The below analysis considers only Plaintiff's claims for missed meal and rest periods and waiting time penalties, which bring the amount in controversy significantly over the $5,000,000 jurisdictional requirement. It thus does not analyze Plaintiffs' additional claims for unpaid wages.

### i. Meal and Rest Period Claims

31. Plaintiff alleges Western "fail[ed] to provide thirty (30) minute uninterrupted meal periods by the end of the fifth hour for days on which Non-Exempt Employees work(ed) work periods in excess of five (5) hours" and "by the end of the tenth hour for days on which Non-Exempt Employees work(ed) work periods in excess of ten (10) hours" in violation of "the provisions of Labor Code §512 and applicable Wage Orders." Ex. A, Compl. ¶¶ 43, 44.

32. Plaintiff further alleges Western "fail[ed] to authorize and permit a minimum ten (10) minute rest period for every four (4) hours or major fraction thereof

worked per day by Non-Exempt Employees" in violation of "the provisions of Labor Code section 226.7 and IWC applicable Wage Orders." *Id.* ¶ 48.

33. Pursuant to California Labor Code § 226.7, an employee is entitled to a premium payment of one hour of pay for each workday a meal or rest period is not provided.

34. Plaintiffs do not specifically allege how frequently these violations occurred but do allege Plaintiffs and Class Members "often" were not provided with off-duty meal and rest periods due to an allegedly common "policy" or "practice", and that "[a]t all relevant times, [Western's] management observed Plaintiffs and Class Members working without off-duty paid rest periods" and meal periods. *Id.* at ¶¶ 27-28, 38-39.

35. Where a plaintiff's complaint provides minimal evidence of the frequency of alleged violations (i.e., alleging violations were part of a "pattern and practice" or "matter of policy"), California district courts have found estimated violation rates of 60% reasonable and conservative for purposes of calculating the amount in controversy. *See, e.g., Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1151 (S.D. Cal. 2018) (finding defendant's estimate of a 60% violation rate "reasonable" and "conservative[]"); *Feao v. UFP Riverside, LLC*, 2017 WL 2836207, at *4 (C.D. Cal. June 29, 2017) (same); *Alvarez v. Office Depot, Inc.*, 2017 WL 5952181, at *3 (C.D. Cal. Nov. 30, 2017) (same); *Stanley v. distribution Alternatives, Inc.*, 2017 WL 6209822, at *2 (C.D. Cal. Dec. 7, 2017) (same).

36. Western employed at least 7,410 employees in Plaintiffs' alleged class based on Western's data cutoff date of October 20, 2021 Duncan Decl. ¶ 7. Their average hourly rate was $14.66. *Id.* These employees worked approximately 1,361,393 shifts that were eligible for meal breaks and 1,420,156 shifts that were eligible for rest breaks as of October 20, 2021. *Id.*

37. Assuming an even more conservative 50% violation rate than used by the courts above, an estimate of the amount in controversy for Plaintiffs' meal break claim is at least **$9,979,010.69** (50% x 1,361,393 eligible shifts x $14.66 average hourly rate).

38. Likewise, assuming an even more conservative 50% violation rate than used by the courts above, an estimate of the amount in controversy for Plaintiffs' rest break claim is at least **$10,409,743.50** (50% x 1,420,156 eligible shifts x $14.66 average hourly rate).

### ii. Waiting Time Penalties

39. Plaintiff also alleges "Plaintiff and Class Members are entitled to compensation for all forms of wages earned, including compensation for non provided rest and meal periods, but to date have not received such compensation therefore entitling them [to] Labor Code section 203 penalties." Ex. A, Compl. ¶ 57.

40. Approximately 5,749 employees separated employment within the October 20, 2021 data cutoff period used for this analysis. Duncan Decl. ¶ 8. The average hourly rate for those former employees was $13.67. *Id.* Accordingly, the amount of waiting time penalties in controversy is at least **$18,861,319.20** ($13.67/hour x 8/hours per day x 30 days x 5,749 former employees).

### iii. Attorneys' Fees

41. Plaintiffs also seek attorneys' fees in their Complaint. Ex. A., Compl. at 16.

42. The Ninth Circuit has instructed that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Arias*, 936 F.3d at 927 (applying rule to CAFA wage and hour action).

43. Attorneys' fees may be awarded based on the lodestar method (calculated by applying reasonable hourly rates to the time reasonably spent, as adjusted by a risk multiplier where appropriate). *Staton v. Boeing Co.*, 327 F.3d 938, 967-68 (9th Cir. 2003). Alternatively, the court may award fees as a percentage of the fund recovered,

which is what Plaintiffs seek here. Ex. A, Compl. ¶ 78 (seeking attorneys' fees pursuant to "the common fund doctrine"); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). The Ninth Circuit has established 25 percent as the "benchmark" attorneys' fees award in common fund cases, although fees may be adjusted or replaced by a lodestar calculation "when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).

44. Given the allegations in the Complaint, 25% of the total alleged penalties analyzed in this Notice of Removal ($39,250,073.40) – based on a data cutoff of October 20, 2021 – would total **$9,812,518.35**

### iv. The Aggregate Amount in Controversy Exceeds $5,000,000

45. As shown above, the aggregate amount in controversy, as pleaded by Plaintiffs, is at least **$49,062,591.70** without considering data after October 20, 2021 (let alone through the conclusion of the litigation) or Plaintiffs' claims for unpaid wages.[2]

46. In sum, because minimal diversity of citizenship exists, there are more than 100 putative class members, and the amount in controversy exceeds $5,000,000 exclusive of interest and costs, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(d) and removal to this Court is proper.

## VENUE

47. Venue lies in the Southern District of this Court pursuant to 28 U.S.C. §§ 1441 and 1446(a) because this action is being removed from the Superior Court of the State of California for the County of San Diego. Western, therefore, removes this action to the United States District Court for the Southern District of California.

---

[2] Western reserves the right to offer evidence as to the amount in controversy based on claims and data omitted from this analysis should Plaintiffs attempt a remand motion.

## NOTICE OF REMOVAL

48. This Notice of Removal will be promptly served on Plaintiff and his counsel, as well as filed with the Clerk of the Superior Court of the State of California for the County of San Diego.

## PRAYER FOR REMOVAL

49. WHEREFORE, Western prays that this civil action be removed from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California.

Dated: December 2, 2021

CALL & JENSEN
A Professional Corporation
Julie R Trotter
L. Lisa Sandoval

By: */s/ L. Lisa Sandoval*
L. Lisa Sandoval

Attorneys for Defendant Western Refining Retail, LLC